WILL OF FALK: FALK, Executrix, Appellant, v. FIRST WIS-
CONSIN TRUST COMPANY and another, Trustees, Re-
spondents: EBERBACH, Respondent.

*November 29, 1960—January 10, 1961.*

248

For the appellant there were briefs by *Quarles, Herriott &*
*Clemons,* attorneys, and *Louis Quarles* and *James T. Guy*
of counsel, all of Milwaukee, and oral argument by *Mr. Guy.*

For the respondents First Wisconsin Trust Company and
Leroy J. Burlingame, trustees, there was a brief by *Burlin-*
*game, Gibbs & Roper* of Milwaukee.

For the respondent Elisabeth Falk Eberbach there was a
brief by *Shea & Hoyt,* attorneys, and *Ralph M. Hoyt* of
counsel, all of Milwaukee, and oral argument by *Ralph M.*
*Hoyt.*

FAIRCHILD, J.    The question is whether the testator in-
tended that in any event, the identity of his "surviving
children" was to be determined at his death, or that, if his
wife survived him, their identity was to be determined at
her death. In other terms, if the wife survived and the prop-
erty be held in trust during her life, did that fact postpone
vesting of the interest or only enjoyment? Neither the will
nor the 1943 decree contained any modifier of "surviving"
or "surviving children" which expressly supplied the answer.

In our search for an answer by implication, we must look first at the 1943 decree. Unless we find ambiguity there, we are not to consider the terms of the will.[1]

In 1943 it was known that the testator's wife had survived him and that the property would be held in trust while she lived. The paragraph of the 1943 decree under consideration reflected that fact, and directed what should be done with the trust fund upon the widow's death. It was known, and recited in the decree, that the children who survived testator were the son Otto and daughter Elisabeth. It was known that there was no issue of any child of testator who had died before he did. If "my surviving children" meant "my children who survive me" the son Otto and daughter Elisabeth could have been named in the decree as those who were to receive the trust fund upon the death of the widow. The use of the descriptive language in the decree instead of their names is at least consistent with the proposition that the identity of the "surviving children" could not be determined until the future event referred to in that paragraph of the decree, namely, the death of the widow.

The paragraph under consideration directed the physical act of delivery of property in the future. Taken literally, such language suggests an expectation that the recipients were to be persons living at the time delivery was to be made.

---

[1] "The final judgment must be recognized as a judicial determination and expression of the intent of the testator. When the time to appeal has gone by, if the language of the judgment is plain and unambiguous and its meaning clear and definite, no resort to the will or the circumstances of its making may be had. On the other hand, when the language of the judgment is ambiguous and its meaning obscure the sense in which the trial court meant its language to be understood must be ascertained by an examination of evidentiary facts, among which may be the language adopted by the testator and the circumstances surrounding its adoption." *Will of Yates* (1951), 259 Wis. 263, 272, 48 N. W. (2d) 601. See *Estate of Strange* (1958), 3 Wis. (2d) 104, 87 N. W. (2d) 859, and *Estate of Ferdinand* (1959), 7 Wis. (2d) 577, 97 N. W. (2d) 414.

Of greatest significance, however, is the use in the 1943 decree of the phrase "the issue of any deceased child to take his parent's share by right of representation." Granting the possibility of interpreting "the surviving children of said deceased, Otto H. Falk" as "the children of said deceased, Otto H. Falk, who survived him" and as the equivalent of naming the son Otto and the daughter Elisabeth, such interpretation would render meaningless the phrase referring to the issue of a deceased child. It could not refer to issue of a child who died before testator because there was none. The phrase would have meaning only if the decree contemplated that Otto or Elisabeth might die before the widow and, if that happened, issue could take the parent's share.

We conclude that it is clear from the 1943 decree that each child of testator must survive the widow in order to be a beneficiary. There being no ambiguity in the decree, we do not reach consideration of the language of the will.

The judgment appealed from might properly have construed the 1943 decree as set forth in the conclusions of law of the county court and in this opinion. Judgment dismissing the petition to construe it otherwise achieved the same result.

*By the Court.*—Judgment affirmed.