Dombrowski, Appellant, v. Tomasino and wife, Respondents.

*March 31—April 27, 1965.*

380

382

384

. . .

For the appellant there was a brief and oral argument by *Kenneth J. Dunlap* of Milwaukee.

For the respondents there was a brief by *McCormick & Tessmer* of Milwaukee, and oral argument by *John E. McCormick* and *Henry A. Tessmer*.

CURRIE, C. J.    It is fundamental that a jury verdict in an equitable action is merely advisory. *Sager v. Hannemann* (1959), 6 Wis. (2d) 285, 289, 94 N. W. (2d) 612. In the early case of *Stahl v. Gotzenberger* (1878), 45 Wis. 121, 123, 124, this court outlined the proper method of procedure where a jury is utilized in an equitable action as follows:

"In all equitable actions the case must be tried by the court, and, before judgment can be entered, the court must find that all the facts necessary to entitle the plaintiff to a judgment have been established by the evidence. If either party desires that any issues of fact which have been made by the pleadings should be tried by a jury, and the judge deems such issues proper ones to be submitted to a jury in order to aid him in the determination of the same, he may direct them to be so tried; or the judge may upon his own motion direct certain issues to be so tried. In every such case, the particular issues which are to be so tried should be fixed and agreed upon before the jury is called. The jury then try only the issues so submitted, and not the whole case. When the jury have given their verdict, the case is then to be taken up by the court; and if the court is satisfied with the determination of the jury upon the issues submitted to them, he adopts their findings as to such issues. If he is not satisfied with the findings of the jury, he may, either upon the application of a party or of his own motion, set aside such verdict and submit such issues to another jury; or, if he is satisfied that no aid will be ob-

tained by such further submission, he may proceed to decide the issues without any further intervention of a jury."

See also *Cram v. Bach* (1957), 1 Wis. (2d) 378, 83 N. W. (2d) 877, 85 N. W. (2d) 673.

We deem the use of a motion for directed verdict is inappropriate where a jury is utilized in an equitable action to pass on certain fact issues. After having had the evidence presented to a jury, a party is free to move that the jury be dispensed with and that the court determine the facts without benefit of the jury's verdict. Also, after a verdict is returned, a party may also move that the court reject the verdict and find the facts differently. However, in either the situation where the court dispenses with the jury or rejects the verdict, it is incumbent upon the court to make and file findings of fact. No formal findings of fact were entered in the instant case. In the absence of formal findings of fact, statements of fact appearing in the trial court's memorandum opinion are accorded the status of findings of fact. *Seelandt v. Seelandt* (1964), 24 Wis. (2d) 73, 79, 128 N. W. (2d) 66, and cases cited. However, as hereinafter pointed out, we have been unable to spell out findings of fact in the memorandum decision essential to sustain the judgment.

The gist of plaintiff's cause of action is that defendants represented that plaintiff's name would be included as a grantee in the deed to the lot upon which the house was constructed or that plaintiff and his wife would be entitled to reside in the premises as long as they might live; that defendants when making such representation had no intention of performing the same; and that plaintiff poured money and labor into the project of purchasing the lot and constructing the house in reliance on these representations.

Fraud cannot be predicated on unfulfilled promises in the absence of intent not to perform present at the making of the promise. See *Suskey v. Davidoff* (1958), 2 Wis. (2d) 503,

507, 87 N. W. (2d) 306, and cases cited. There is no such a requirement of a present intent not to perform if the remedy sought is a constructive trust to avoid unjust enrichment.

We deem that the first issue to be determined is whether the trial court's memorandum opinion contains any express finding with respect to whether defendants made any promise to plaintiff that his name would be included in a deed to the premises or that he and his wife would be permitted to live there for the remainder of their lives. We conclude that it does not. The statement in the memorandum opinion, "Although less obvious, the evidence fails to meet this test [burden of proof in fraud cases] with respect to the first element as well," is ambiguous. Merely because plaintiff's testimony with respect to defendants' representations was uncorroborated by other direct testimony did not prevent it being clear, satisfactory, and convincing if believed by the trial court. We do not know from the quoted statement in the memorandum opinion whether the trial court did not believe plaintiff's testimony, or whether, believing such testimony, it found plaintiff had failed to establish that defendants had a present intent of not performing their promises when they made them.

The principal reason given in the memorandum opinion for directing a verdict against plaintiff was the trial court's conclusion that plaintiff was not entitled to rely on defendants' promises, if made. Therefore, the second issue to be resolved is whether this determination by the trial court precludes plaintiff from recovering a judgment. There is some authority in our past decisions that an essential element of fraud is the right to rely on the alleged false representations. *Benz v. Zobel* (1949), 255 Wis. 542, 39 N. W. (2d) 713; *In re Acme Brass & Metal Works* (1937), 225 Wis. 74, 272 N. W. 356. We are of the opinion that this is not an essential element of constructive trust when grounded upon a confidential relationship, if there existed actual reliance by

the promisee upon the promise made by the promisor. The mere relationship of son-in-law and daughter to plaintiff did not create a fiduciary relationship. 39 Am. Jur., Parent and Child, p. 743, sec. 98; *Burns v. Nemo* (1960), 252 Iowa 306, 105 N. W. (2d) 217. However, this factor of relationship coupled with plaintiff's age, lack of education, and the turning over of his savings to defendants without receiving any writing of any kind therefor, would support a finding of a confidential relationship sufficient to support a constructive trust.

For Wisconsin cases on constructive trusts, see *Estate of Massouras* (1962), 16 Wis. (2d) 304, 114 N. W. (2d) 449; *Joerres v. Koscielniak* (1961), 13 Wis. (2d) 242, 108 N. W. (2d) 569; *Nehls v. Meyer* (1959), 7 Wis. (2d) 37, 95 N. W. (2d) 780; *Masino v. Sechrest* (1954), 268 Wis. 101, 66 N. W. (2d) 740; *Schofield v. Rideout* (1940), 233 Wis. 550, 290 N. W. 155, 133 A. L. R. 834. While the cases on constructive trust are usually concerned with a situation where there is breach of duty to convey the entire interest of the defaulting promisor in a particular parcel of real estate, we can perceive of no reason why the same principle should not apply to a breach of duty to convey a partial interest such as a life estate.

Defendants rely upon plaintiff's statement in one place in his testimony that he did not believe Phillip Tomasino's promise made at the broker's office on April 28, 1955, that Phillip would have the title changed into plaintiff's name the following Monday. In this connection defendants cite our holding in *Peters v. Kell* (1960), 12 Wis. (2d) 32, 42, 106 N. W. (2d) 407, that representations made to one who knows them to be false cannot be relied upon by him. Here plaintiff testified to repeated promises made by defendants after April 28, 1955, to place title in his name. The issue with respect to this aspect of the case is not whether plaintiff

had a right to rely on the alleged promises made by defendants, but did he rely thereon? With respect to this issue there is no express finding of fact made in the trial court's memorandum opinion.

We conclude that the case must be remanded in order for the trial court to make express findings of fact on these two issues:

(1) Did the defendants make any promises to plaintiff with respect to any of the following: (a) Placing title to the premises in his name so he would be a co-owner; (b) granting plaintiff a life estate in the premises; or (c) permitting plaintiff and his wife to occupy the downstairs premises during their lives?

(2) If any such promise was made by defendants, did plaintiff advance money and labor in reliance thereon?

If both of these issues are resolved in favor of plaintiff, the trial court can then fashion a proper remedy by way of imposing such a constructive trust on the premises as will prevent an unjust enrichment of defendants at the expense of plaintiff. It will be discretionary in the trial court whether or not to take any additional testimony or other evidence.

Our review of the evidence causes us to conclude that any finding which the trial court may make upon the present record with respect to the two issues for which the case is remanded for findings will not be against the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with this opinion.