MEYER, Appellant, v. LUDWIG, Respondent.

*No. 254. Submitted October 1, 1974.—Decided October 29, 1974.*
(Also reported in 222 N. W. 2d 679.)

The cause was submitted for the appellant on the briefs of *David Bogue* and *Bogue & Bogue,* all of Portage.

The cause was submitted for the respondent on the brief of *Callahan, Arnold & Stoltz* of Columbus.

ROBERT W. HANSEN, J. We end up affirming the judgment, but we will begin by reviewing the holding of the trial court and proceed to consider, one by one, the alternatives suggested and the issues raised.

*Constructive trust.* The trial court impressed a constructive trust on the parcel of real estate involved in favor of the daughter-defendant and divested the father-plaintiff of any interest in said parcel. The primary issue is whether the trial court's finding of a constructive trust was warranted on this record. Before, however, we get to applying facts to rule, we need to define the term and state the rule as to when a constructive trust may be impressed upon property in this state. Two cases in our court, one upholding imposition of a constructive trust,[1] and the other finding inapplicable the imposition of a constructive trust,[2] at least agree on the definition of the term. Both agree that in this state a constructive trust is to be " '. . . a device in a court of equity to prevent unjust enrichment which arises from fraud or abuse of confidential relationship and is implied to accomplish justice. . . .' "[3] Both cases quote with apparent approval the Restatement suggested rule: " 'Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises.' "[4] However, while agreeing that

---

[1] *Estate of Massouras* (1962), 16 Wis. 2d 304, 114 N. W. 2d 449.

[2] *Estate of Schmalz* (1973), 58 Wis. 2d 220, 206 N. W. 2d 141.

[3] *Id.* at page 228, quoting *Estate of Massouras, supra,* footnote 1, at pages 312, 313, in turn summarizing holdings of this court in *Masino v. Sechrest* (1954), 268 Wis. 101, 66 N. W. 2d 740, and *Nehls v. Meyer* (1959), 7 Wis. 2d 37, 95 N. W. 2d 780.

[4] *Id.* at page 228, quoting *Estate of Massouras, supra,* at page 313; both quoting: Restatement, *Restitution, Constructive Trust,* p. 640, sec. 160.

fraud, positive or constructive, is not required,[5] both cases go beyond the unjust enrichment-only test, suggested by the Restatement rule, to require something additional. Such additional or alternative basis for imposition of a constructive trust, stated in *Massouras,* and quoted with approval in *Schmalz,* are: " '. . . duress, abuse of confidence, mistake, commission of a wrong, or by any form of unconscionable conduct, [against one who] has either obtained or holds the legal title to property which he ought not in equity and in good conscience beneficially enjoy.' " [6] The second of the two cases, decided a decade after the first, suggests that a balancing of the equitable rights involved is appropriate.[7] However, we see such balancing of equitable rights as no more than a rewording of the requirement of unjust enrichment, along with at least one of the qualifying situations above listed, to warrant imposition of a constructive trust. While another recent case might appear to suggest an unjust enrichment-only test for applicability of the constructive trust doctrine,[8] that case also

[5] *Id.* at page 228, quoting *Estate of Massouras, supra,* at page 313, holding: " 'We consider the language in *Will of Jaeger* (1935), 218 Wis. 1, at page 13, 259 N. W. 842, that a constructive trust does not arise in the absence of fraud, positive or constructive, to be a too-limited statement of the basis for the imposition of a constructive trust as a "formula through which the conscience of equity finds expression." ' " (Citing *Beatty v. Guggenheim Exploration Co.* (1919), 225 N. Y. 380, 386, 122 N. E. 378, Cardozo.) *See also: Richards v. Richards* (1973), 58 Wis. 2d 290, 298, 206 N. W. 2d 134.

[6] *Id.* at page 227, quoting *Estate of Massouras, supra,* at page 312.

[7] *Id.* at page 229, stating: ". . . They [the residuary legatees] have not established a greater equitable right to John's property than Margaret [cousin of deceased] has."

[8] *Richards v. Richards, supra,* footnote 5, at pages 296, 297, stating: "The constructive trust is an invention of equity by which liability is imposed to prevent unjust enrichment and unfairness. . . . [I]t is created by law to equitably prevent unjust enrichment, which arises when one party receives a benefit, the

sets forth and quotes with approval the *Massouras* rule with its listing of factors beyond unjust enrichment required for impressing a constructive trust in this state,[9] so we do not see the *Massouras* rule as there, in any particular, modified or diluted.

With the above definition and test accepted, it follows that the imposition of a constructive trust here requires that the record establish (1) unjust enrichment on the part of the plaintiff-father; and (2) an abuse of a confidential relationship by the plaintiff-father. Fraud is not here claimed nor present, but it need not be.[10] As to the fact of unjust enrichment, in the light of the substantial investments of time and labor and money over a long period of years in reliance upon the mother's promise that she would turn over the parcel of land to her daughter and son-in-law, we agree with the trial court that the plaintiff-father would be unjustly enriched if he were permitted to have the parcel of land involved. As to the abuse of a confidential relationship, the question is closer. However, it is clear that there was here a confidential relationship between the parties in-

retention of which would be unjust as against the other." Citing *Hanson v. Valdivia* (1971), 51 Wis. 2d 466, 476, 187 N. W. 2d 151, this court there stating: ". . . The underlying principle of a constructive trust is the equitable prevention of unjust enrichment." Citing *Weber v. Sunset Ridge, Inc.* (1955), 269 Wis. 120, 68 N. W. 2d 706, 70 N. W. 2d 5; 89 C. J. S., *Trusts,* p. 726, sec. 15, p. 1015, sec. 139, p. 1027, sec. 142.

[9] *Id.* at page 297, quoting *Massouras* rule. *See* fn. 6 above.

[10] *Estate of Schmalz, supra,* footnote 2, at page 228. As to right to rely on alleged false representations in constructive trust cases where fraud is claimed, *see: Dombrowski v. Tomasino* (1965), 27 Wis. 2d 378, 387, 388, 134 N. W. 2d 420, this court stating: ". . . There is some authority in our past decisions that an essential element of fraud is the right to rely on the alleged false representations. . . . We are of the opinion that this is not an essential element of constructive trust when grounded upon a confidential relationship, if there existed actual reliance by the promisee upon the promise made by the promisor. . . ."

volved. It derives from the legal relationship of father-daughter, plus the exchange of labor, mutual support and assistance, and inter-family relationship of the father-mother and daughter-husband family units here involved. In the case cited above, involving a father-daughter relationship, this court found the father-daughter relationship, coupled with the age of the father, his lack of education and his turning over of savings to his daughter and son-in-law as sufficient to support a finding "of a confidential relationship sufficient to support a constructive trust." [11] While the beneficiary of the constructive trust here is the daughter, not the surviving parent, such reversal of roles does not alter the fact that here, as in the case cited, there was a confidential relationship upon the strength of which the daughter and her husband invested their time, effort and money in the property involved, relying upon the promise of the mother that the parcel of land which they were improving would be willed to the daughter. There was an abuse of that confidential relationship when the mother failed to will or otherwise convey the parcel of land involved to her daughter. We uphold the trial court's holding that both unjust enrichment and abuse of a confidential relationship were here established and warranted the imposition of a constructive trust on the property in favor of the daughter-defendant.

*Promise not binding.* The plaintiff-father argues that the promise made by his wife to their daughter to convey the property involved is not binding on him because it was not made by him. There are two weaknesses in the

[11] *Dombrowski v. Tomasino, supra,* at page 388, this court stating: "The mere relationship of son-in-law and daughter to plaintiff did not create a *fiduciary* relationship. . . . However, this factor of relationship coupled with plaintiff's age [he was 68 years of age], lack of education, and the turning over of his savings to defendants without receiving any writing of any kind therefor, would support a finding of a confidential relationship sufficient to support a constructive trust." (Emphasis supplied.)

contention. The first is that the plaintiff, as father, stood in the same confidential relationship to their daughter as did his deceased wife. He had knowledge of the promise or understanding and benefited personally from the exchange of labor and services involved. If his argument on this point made him a stranger to the promise made by his wife, there would remain the issue of his abuse of the confidential relationship by his failing to convey his partial interest as legatee of a life estate in the property under the will of his wife.[12] However, even if he were a stranger to the promise made, the relationship existing, and the benefits derived, there is no merit to the argument advanced. It was leveled in a recent case.[13] There this court stated the applicable rule to be that: " 'Where a person holding property transfers it to another in violation of his duty to a third person, the third person can reach the property in the hands of the transferee [by means of a constructive trust] unless the transferee is a bona fide purchaser.' " [14] This court referred to an earlier case,[15] where funds were embezzled from an employer to pay the premiums on an insurance policy, and this court concluded that a constructive trust was an appropriate remedy even though the beneficiary of the policy was ignorant of the embezzlement.[16] In the

[12] *Id.* at page 388, this court stating: ". . . While the cases on constructive trust are usually concerned with a situation where there is breach of duty to convey the entire interest of the defaulting promisor in a particular parcel of real estate, we can perceive of no reason why the same principle should not apply to a breach of duty to convey a partial interest such as a life estate."

[13] *Richards v. Richards, supra,* footnote 5.

[14] *Id.* at page 298, citing and adopting the rule as stated in 5 Scott, *Trusts* (3d ed.), p. 3444, sec. 470.

[15] *Truelsch v. Miller* (1925), 186 Wis. 239, 202 N. W. 352.

[16] *Richards v. Richards, supra,* footnote 5, at page 298, citing and quoting *Truelsch v. Miller, supra,* footnote 15, at page 252, this court stating that constructive trust may be asserted " '. . . against third parties to whom the property has been transferred

*Richards Case,* this court held that mere ignorance of an original impropriety did not make the recipient an innocent purchaser or even a bona fide purchaser so as to make inappropriate impressing of a constructive trust upon the insurance proceeds there involved.[17] The escape hatch the plaintiff seeks to use has been nailed shut.

*Statute of limitations.* The plaintiff-father contends that even if a constructive trust is here established, his daughter-defendant is barred from asserting her claim by the statute of limitations. The applicable statute of limitations does include constructive trusts within its scope.[18] The *Demos Case* makes clear that it is sec. 893.18 (4), Stats., that applies, requiring an action to be brought within ten years from the accrual of the cause of action.[19] The parties in their pleadings and briefs refer to a six-year statute of limitations, apparently applying sec. 893.19 (9), dealing with claims against a decedent or his estate, or sec. 893.19 (7), pertaining to actions grounded on fraud. However, the action here is not brought against the estate of the mother, and it is not grounded on fraud. As *Demos* makes clear, it is the ten-year limit of sec. 893.18 (4), that applies. Defendant's amended

with knowledge of the trust *or who have paid no consideration for it,* provided the identity of the trust fund can be established.' " (Emphasis in text.)

[17] *Id.* at pages 298, 299.

[18] *Estate of Demos* (1971), 50 Wis. 2d 262, 269, 184 N. W. 2d 117, this court stating: "It is well established that provisions limiting the time in which an action may be brought are applicable to suits seeking equitable as well as legal remedies. . . ."

[19] *Id.* at page 269, this court stating: ". . . In this case, presuming the appellant has made out a constructive trust, then his action is one which would formerly have been cognizable in the courts of chancery. Therefore, his action would be governed and barred by sec. 893.18 (4), Stats., which provides as follows:

" 'Within 10 years. . . .

" '(4) An action which, on and before February 28, 1857, was cognizable by the court of chancery, when no other limitation is prescribed in this chapter.' "

counterclaim upon which the claim of constructive trust is based was filed May 26, 1971. The earliest date on which an action for imposition of a constructive trust could have accrued was November 8, 1961, the date of the mother's death. The mother's promise to will the land to her daughter could not be breached until she died leaving a will which did not fulfill her promise. Thus the action was commenced within the applicable time period and is not barred by the applicable statute. So holding requires no consideration be given to the daughter-defendant's claim that if the action is barred by the statute of limitations the plaintiff-father is estopped from asserting such statute as a defense.

*Changing the will.* The plaintiff-father submits that the trial court's imposition of a constructive trust on the parcel of land involved is a belated amendment of the final judgment in the probate of the last will and testament of his wife, Ernane Marie. He submits and relies principally upon prior holdings that if such judgment is not ambiguous and the time for appeal has passed, then it is final even if in error, unless obtained by fraud.[20] He cites cases holding that the final judgment in an estate probate proceeding ". . . must be recognized as a judicial determination and expression of the intent of the testator. When the time to appeal has gone by, if the language of the judgment is plain and unambiguous and its meaning clear and definite, no resort to the will or the circumstances of its making may be had. . . ."[21] As we see it, this argument misconceives the legal consequences of a final decree in a probate proceeding and the equitable rights involved in the imposition of a constructive trust upon property, the legal title to which is

---

[20] Plaintiff-Appellant's Brief, page 8, citing *Estate of White* (1950), 256 Wis. 467, 41 N. W. 2d 776, and other cases.

[21] *Will of Falk* (1961), 12 Wis. 2d 247, 250, fn. 1, 107 N. W. 2d 134; *Will of Yates* (1951), 259 Wis. 263, 272, 48 N. W. 2d 601.

never in the name of the person seeking to have a constructive trust imposed. The heirs or legatees do not receive, under a final judgment in the probate of an estate, any more title than the testator had to give. If, in an appropriate subsequent proceeding, there is an impressing of a constructive trust upon the interest of the testator in a piece of property, the constructive trust follows the property to the legatee or heir who receives title from the testator. The challenge is not to the fact of transfer but to what is in fact transferred under the will. In the case before us, analysis of the trial court's findings of fact and conclusions of law makes clear that the court determined (1) that the mother, Ernane Marie Meyer, had legal title to the disputed property at the time of her death; (2) that the plaintiff-husband-father, Albert Meyer, was a successor to that legal title for his widowerhood; and (3) that a constructive trust should be imposed upon such property based on abuse of a confidential relationship and to prevent unjust enrichment. The daughter-defendant's title arises from the constructive trust created, not from a change or revision in the prior judgment construing the will and dividing the estate of the plaintiff's wife and defendant's mother.

*Adverse possession.* For the purpose of completeness only, we note the daughter-defendant's argument that in the event a constructive trust is not here imposed she is entitled to the property under adverse possession. With a constructive trust impressed upon the property in favor of the defendant-daughter, there is no reason to consider this second line of defense. When a first vessel crosses a sea to a desired harbor, there is no good purpose served by finding out whether a different ship could have made the same successful journey.

*By the Court.*—Judgment affirmed.