GORSKI, Plaintiff-Appellant, v. GORSKI, Defendant-Respondent.

*No. 75–812. Submitted on briefs January 5, 1978.—*
*Decided February 7, 1978.*
(Also reported in 262 N.W.2d 120.)

250

For the appellant the cause was submitted on the briefs of *William G. Ladewig* of Milwaukee.

For the respondent the cause was submitted on the brief of *Paul A. Piaskoski* and *Piaskoski & Flynn* of Milwaukee.

CONNOR T. HANSEN, J.   The third amended complaint substantially alleges: That Tadeusz (plaintiff) and George (defendant) orally agreed in May, 1960, that Tadeusz would give his earnings and income to George, and that George would deposit and invest them for Tadeusz.  This agreement would terminate on the

request of either party. Pursuant to this agreement, Tadeusz gave George $3,328.61 in 1969, $4,599.64 in 1970, $6,792.48 in 1971, $7,961.74 in 1972, and $9,502.53 in 1973, for a total of $32,185, in the years 1969 to 1973. Tadeusz further alleges that he gave George monthly industrial accident checks in the sum of $193 each, during the period from January, 1969, to October, 1973, with the exception of three checks. These funds were to be expended for Tadeusz' living expenses, and the checks are alleged to have exceeded these expenses by an unknown amount. This unknown excess was to have been invested in accordance with the earlier agreement.

The complaint further alleges that Tadeusz terminated the agreement in October, 1973, and demanded an accounting and the return of his funds; that George returned certain funds but refused to make an accounting; that George has or should have records of the excess of the funds received over Tadeusz' living expenses, but that George has refused to render an accounting; that from incomplete records available to Tadeusz, it appears George must return an additional $10,603.71, plus the excess of the "industrial accident checks" over Tadeusz' living expenses from January, 1969, to October, 1973; and that George ". . . was in total charge of all investments and expenditures . . ." and has additional records of the handling of the funds, but that he has refused to disclose these records to Tadeusz, who is alleged to have only minimal records regarding the handling of the funds.

In *De Bauche v. Knott*, 69 Wis.2d 119, 121, 122, 230 N.W.2d 158 (1975), we restated the well-established rules applicable to a determination of whether a complaint is subject to a demurrer:

". . . The demurrer tests only the legal sufficiency of the pleading; all material statements of facts are considered true, while legal conclusions are not. As this

court said in *Scheeler v. Bahr* (1969), 41 Wis.2d 473, 476, 164 N.W.2d 310:

" 'On demurrer it is the duty of this court to accept the allegations of the complaint as true. A demurrer to a complaint admits all facts well pleaded, but denies that those facts have the legal consequences asserted by the plaintiff. When this court reviews a trial court's order on demurrer, it is obliged to construe the complaint liberally and to uphold it if is expressly or by reasonable inference states any cause of action. Sec. 263.07, Stats., sec. 263.27; *Estate of Mayer* (1965), 26 Wis.2d 671, 677, 133 N.W.2d 322.'

"The point is not whether the complaint states the cause of action the plaintiff believes he has pleaded. The demurrer must fail if there is any cause of action made out. *Milwaukee County v. Schmidt, Garden & Erikson* (1969), 43 Wis.2d 445, 453, 168 N.W.2d 559. As this court said in *Nelson v. La Crosse Trailer Corp.* (1949), 254 Wis. 414, 417, 37 N.W.2d 63:

" 'However, in determining whether a complaint is subject to a demurrer, the most liberal interpretation possible must be given to it. If the complaint states any facts on which the plaintiff can recover, it must be held to state a cause of action.'

"The duty of the court is not to hypothesize whether the plaintiff can actually prove his allegations; that is the task of the trier of fact. The complaint withstands the challenge of the demurrer when the facts alleged, if they were proved, would constitute a cause of action. *Theune v. Sheboygan* (1973), 57 Wis.2d 417, 420, 204 N.W.2d 470."

The question on this appeal, therefore, is not whether the amended complaint stated the cause of action the plaintiff intended to plead, but whether the complaint expressly or by reasonable inference alleges facts sufficient to support any cause of action. On this appeal, Tadeusz contends that the complaint states two causes of action, one for an accounting, based on principles of agency; and the other for imposition of a constructive trust to prevent unjust enrichment.

Counsel for Tadeusz maintains that the complaint alleges facts sufficient to establish an agent-principal relationship between George and Tadeusz, and to support an action for an accounting by George. *See: Alexopoulos v. Dakouras,* 48 Wis.2d 32, 40, 179 N.W.2d 836 (1970), *quoting* Restatement, 2 *Agency* 2d, p. 185, sec. 382.

We arrive at the opposite conclusion. The plaintiff's cause of action for an accounting must fail because the complaint not only does not allege, but expressly negatives, the *sine* qua non of the agent principal relationship, the element of control.

"Agency" is defined as:

" '. . . the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and *subject to his control,* and consent by the other so to act.' " (Emphasis added.) *Strupp v. Farmers Mut. Automobile Ins. Co.,* 14 Wis.2d 158, 167, 109 N.W.2d 660 (1961), *quoting* Restatement, 1 *Agency,* 2d, p. 7, sec. 1(1).

Under this definition:

". . . The relation of agency is created as the result of conduct by two parties manifesting that one of them is willing for the other to act for him *subject to his control,* and that the other consents so to act. The principal must in some manner indicate that the agent is to act for him, and the *agent must act or agree to act on the principal's behalf and subject to his control.* . . ." (Emphasis added.) Restatement, 1 *Agency* 2d, p. 8, sec. 1(1), Comment *a.*

The complaint in the instant case negates the existence of any control or right of control of the purported principal over the actions of his purported agent, which is a vital element in this cause of action. The complaint asserts that Tadeusz agreed to give his earnings and income to George for payment of Tadeusz' living expenses and for investment. The complaint is utterly barren of any allegation that Tadeusz retained any

254

measure of control over these funds or George's handling of them. On the contrary, the complaint expressly avers "[t]hat defendant was in total charge of all investments and expenditures, . . ."

This assertion unequivocally refutes any suggestion that Tadeusz retained power to control George's actions. This precludes the existence of an agency relation, and the alleged cause of action for an accounting is therefore fatally defective.

We are of the opinion, however, that given a most liberal construction, the amended complaint does allege facts sufficient to support a cause of action on the theory of a constructive trust.

A constructive trust is:

" ' ". . . a device in a court of equity to prevent unjust enrichment which arises from fraud or abuse of confidential relationship and is implied to accomplish justice . . ." ' " *Meyer v. Ludwig,* 65 Wis.2d 280, 285, 222 N.W. 2d 679 (1974); *Estate of Schmalz,* 58 Wis.2d 220, 206 N.W.2d 141 (1973); *Estate of Massouras,* 16 Wis.2d 304, 114 N.W.2d 449 (1962).

This court has quoted with apparent approval the rule of the Restatement that:

" '. . . Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises.' " Restatement, *Restitution, Constructive Trust,* p. 640, sec. 160, *quoted* in *Meyer v. Ludwig, supra,* at 285; *Estate of Schmalz, supra,* at 228; *Estate of Massouras, supra,* at 313.

Despite the suggestion of this rule that unjust enrichment alone will give rise to a constructive trust, however, the decisions of this court have consistently required an additional showing. A constructive trust will

be imposed only where, by means of ". . . actual or constructive fraud, duress, abuse of confidence, mistake, commission of a wrong, or by any form of unconscionable conduct," the one against whom the trust is imposed "has either obtained or holds the legal title to property which he ought not in equity and in good conscience beneficially enjoy . . ." *Estate of Massouras, supra,* 312; *Estate of Demos,* 50 Wis.2d 262, 268, 184 N.W.2d 117 (1971) ; *Meyer v. Ludwig, supra,* at 286.

Therefore, to state a cause of action, the complaint in the instant case must state facts sufficient to show (1) unjust enrichment and (2) abuse of a confidential relationship, or some other form of unconscionable conduct. We believe these elements can be inferred from the instant complaint.

The element of unjust enrichment is supplied by the allegations that Tadeusz gave George more than $32,000 for expenditure and investment on Tadeusz' behalf; that George had agreed to apply the sums for Tadeusz' benefit; and that George failed to return or account for more than $10,603.71.

In *Meyer v. Ludwig, supra,* a mother had promised orally that she would turn over a parcel of land to her daughter and son-in-law, and in reliance upon the promise, the daughter and son-in-law had over the years made substantial investments in the property. This court approved the imposition of a constructive trust in favor of the daughter and son-in-law, and against the father, as heir to a life estate in the land, and said:

". . . As to the fact of unjust enrichment, in the light of the substantial investments of time and labor and money over a long period of years in reliance upon the mother's promise that she would turn over the parcel of land to her daughter and son-in-law, we agree with the trial court that the plaintiff-father would be unjustly enriched if he were permitted to have the parcel of land involved. . . ." *Meyer v. Ludwig, supra,* at 287.

Here the complaint states that substantial sums were conveyed to George over a long period of years, undoubtedly in reliance upon the promise that they would be applied for Tadeusz' benefit. Indeed, the case for imposition of a constructive trust is stronger here, where the trust would be imposed against the party who induced the reliance, than it was in *Meyer v. Ludwig, supra,* where the trust was imposed against the father, an apparent stranger to the original promise.

Tadeusz' position in regard to alleging facts to support a confidential relationship would have been considerably strengthened if he had alleged that he and George were brothers and that they had lived together for twelve years. These facts, stated in Tadeusz' brief on appeal, would have constituted strong indication of a confidential relationship.

A family relationship, standing alone, does not constitute a confidential relationship. *Dombrowski v. Tomasino,* 27 Wis.2d 378, 388, 134 N.W.2d 420 (1965). Nevertheless, it is an important consideration. This court has said:

". . . From its origin one of the most important uses of the trust has been for the purpose of settling family affairs. Such agreements were often in parol, and where an unenforceable agreement in parol is attended by certain special circumstances, equity resorts to the remedial device of a constructive trust to accomplish justice. . . ." *Masino v. Sechrest,* 268 Wis. 101, 107, 66 N.W.2d 740 (1954).

Where a family relationship is combined with other facts indicating a relation of confidence, a constructive trust will be imposed to prevent unjust enrichment. Thus in *Dombrowski v. Tomasino, supra,* the relation of a son-in-law and daughter to the plaintiff, coupled with plaintiff's advanced age, his lack of education, and

the fact that he had turned over his savings without taking a writing therefor, was held to establish a confidential relation. Similarly, in *Meyer v. Ludwig, supra,* the relation of father and daughter, together with the exchange of mutual support and assistance over a long period, and an inter-family relationship of the family units involved, were held to establish a confidential relation.

In the instant case, although it appears that Tadeusz' original lawyer could have pleaded the existence of a close family relationship, he failed to do so. This does not necessarily defeat the cause of action, however. In *Joerres v. Koscielniak,* 13 Wis.2d 242, 247, 108 N.W.2d 569 (1961), a confidential relation was inferred from the bare facts that two parties had been close personal friends for over twenty-eight years, had visited at each other's homes and had trusted one another.

When viewed in the light most favorable to the plaintiff, the instant complaint states facts sufficient for us to infer a confidential relationship. The complaint implies a relation of trust in which Tadeusz turned over substantial sums to George over a long period of years, without retaining control over the funds, keeping only minimal records, and trusting George to pay all Tadeusz' living expenses and to invest the remaining sums in his behalf. These allegations, liberally construed, imply the existence of a confidential relation, and for the purposes of demurrer, support a cause of action founded upon the theory of a constructive trust. The judgment of the trial court is therefore reversed.

The trial court determined that the oral agreement alleged in the complaint was void and unenforceable on the grounds (1) that it was an express trust agreement void under sec. 243.01, Stats., a statute of frauds, because it was not reduced to writing, and (2) that the agreement was vague and unenforceable. These proposi-

258

tions are here re-advanced by George. However, we deem them to be of no significance to our disposition of this appeal.

Tadeusz does not contest the trial court's conclusion and does not seek enforcement of the agreement between the parties, either on a strict theory of contract or on trust principles. Rather, he seeks the imposition of a constructive trust. Such a trust may be imposed entirely apart from any agreement of the parties.

A constructive trust does not necessarily depend upon the intent of the parties to create an express trust. *Richards v. Richards*, 58 Wis.2d 290, 296, 206 N.W.2d 134 (1973). Nor does a constructive trust arise out of a breach of a written contract. *Estate of Demos, supra,* at 269.

This court has expressly held that the unenforceability of a contract under the statute of frauds does not prevent the imposition of a constructive trust in a proper case. In *Nehls v. Meyer*, 7 Wis.2d 37, 41, 95 N.W.2d 780 (1959), this court said:

". . . The statute of frauds will prevent enforcement of an oral express trust, but in a proper case a constructive trust will be employed to accomplish justice. It was said [in *Masino v. Sechrest, supra*] at page 110, 'Since a constructive trust, which is based on unjust enrichment, is construed from the circumstances surrounding the transaction, independent of the intention of the parties, parol evidence of the agreement is admissible, not to enforce the agreement but to prove that the grantee has been unjustly enriched by his repudiation of the agreement. *The proving of a contract is incidental.* The purpose of the parol evidence is to prove unjust enrichment, and in the instant case, the unjust enrichment is alleged to have arisen from a breach of an agreement arising out of a confidential relationship.'" (Emphasis added.)

It is therefore irrelevant whether the agreement of the parties was unenforceable, either because its terms were uncertain, or because it did not comply with the statute of frauds.[1]

George next argues that Tadeusz' cause of action is barred by the equitable doctrine of laches. However, there is a substantial question whether the defendant is in a position to advance this argument.

The defense of laches is an affirmative defense; it must be raised by proper pleading. *Becker v. Becker*, 56 Wis.2d 369, 374, 375, 202 N.W.2d 688 (1972).[2] Generally, therefore, laches may not be raised by demurrer.

In addition to the fact that demurrer is an inappropriate vehicle for presentation of affirmative defenses generally, the defense of laches is particularly inconsistent with a denial that the complaint states facts sufficient to constitute a cause of action. This is true because:

"*. . . For laches to be a defense, there must be a right of action against the defendant*, an unreasonable delay by the plaintiff, and prejudice to the defendant resulting from such delay. . . .*" McDonald v. McDonald*,

[1] The respondent cites *Otto v. Black Eagle Oil Co.*, 266 Wis. 215, 219, 63 N.W.2d 47 (1954), for the proposition that equity cannot be invoked to defeat the purpose for which a statute is enacted. In that case, however, this court specifically held that equity jurisdiction was inappropriate because the only basis for the plaintiff's claim was a void contract. The case does not stand for the proposition that equity may not impose a constructive trust in a proper case, despite noncompliance with the statute of frauds. Nor can it be said that imposition of a constructive trust to prevent unjust enrichment would in any way defeat the purposes of a statute of frauds.

[2] Since the commencement of this action, this requirement has been given statutory recognition in sec. (Rule) 802.02(3), Stats., effective January 1, 1976.

53 Wis.2d 371, 381, 192 N.W.2d 903 (1972) (Emphasis added.) ; *Wisconsin Brick & Block Corp. v. Vogel,* 54 Wis.2d 321, 327, 195 N.W.2d 664 (1972).

Because laches is a defense only where an otherwise proper cause of action exists, we have difficulty understanding how the defense could be raised by a general demurrer, which denies that a cause of action is stated.

Laches was not pleaded in the demurrer in the instant case. Although it was raised in the defendant's brief on the demurrer, and at the hearing on the demurrer, assertion of the defense in the present posture of this case is subject to the same objections as was the defense of laches in *Becker v. Becker, supra.*

There, this court observed that no demurrer had been based on the defense and that laches had apparently been asserted merely as a makeweight argument at the hearing on the demurrer. Because the issue was thus improperly raised, the court declined to pass on the issue of laches.

Reaffirming the rationale of *Becker v. Becker, supra,* we decline to pass on the issue of laches.

In *Becker v. Becker, supra,* at 374, this court acknowledged that the defense of laches might arguably be raised on demurrer when the facts constituting laches appear in the complaint itself. This is not such a case, however. For laches to arise there must be unreasonable delay; knowledge of the course of events and acquiescence therein; and prejudice to the party asserting the defense. *Paterson v. Paterson,* 73 Wis.2d 150, 242 N.W.2d 907 (1976). These elements cannot be inferred from the face of the complaint.

The complaint alleges an agreement in which George was to have complete control of Tadeusz' funds, appar-

ently with no duty to render periodic accounts. The complaint states no facts indicating that Tadeusz learned or should have learned of any misapplication of funds prior to the termination of the arrangement in 1973. There is no basis for laches where the plaintiff is without knowledge of the course of events, and there can be no unreasonable delay until after the plaintiff's cause of action has come into existence. All that can be inferred from the instant complaint is that Tadeusz' cause of action arose in 1973, when he terminated the arrangement and when George allegedly refused to surrender all the funds entrusted to him or to render an accounting. There was no unreasonable delay between the alleged termination of the agreement and the commencement of this action. This is not to suggest that laches may not be established by proper pleading and proof, but the elements of the defense are not evident from the bare assertions of the complaint.

The respondent has printed a three-page supplemental appendix and asks for the imposition of additional costs on the grounds that the appendix supplied by the appellant was grossly inadequate. The motion for imposition of additional costs is denied.

The judgment of the trial court is reversed because we are of the opinion the complaint, liberally construed, states a cause of action upon the theory of a constructive trust.

*By the Court.*—Judgment reversed and cause remanded.