CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Plaintiff, v. MERKEL, Defendant-Appellant: HARRIS, Defendant-Respondent.

Court of Appeals

*No. 78–140. Submitted on briefs March 14, 1979.—
Decided on April 30, 1979.*
(Also reported in 279 N.W.2d 715.)

For the appellant there were briefs by *Daniel L. Smart,* of *Kingston and Smart* of Mukwonago.

For the respondent there was a brief by *Raymond Burczyk* of Racine.

Before Brown, P.J., Bode, J., and Robert W. Hansen, Reserve Judge.

BROWN, P.J. Harley Harris, now deceased, married Rose Harris on July 1, 1957. In March 1959, Mr. Harris entered into a life insurance contract with Connecticut General Life Insurance Company which provided a death benefit of three thousand ($3,000) dollars. Mr. Harris was likewise insured by the same company through his employer, American Motor Corporation, with death benefits in the sum of $5,290. When the life insurance policies were taken out, Rose Harris was the named beneficiary.

During the pendency of the marriage between Harley and Rose Harris, three divorce actions were commenced, one in 1962, one in 1965 and the last in 1966. Each divorce was dismissed upon stipulation of the parties. In each action, a temporary order was entered restraining both parties from transferring any of their property until the actions were resolved. The last divorce action was dismissed on July 11, 1966. On August 6, 1966, the deceased changed the beneficiary on the $3,000 policy with Connecticut General from Rose Harris to Lana Merkel, his daughter by a previous marriage. On August 9, 1966, the deceased also changed the beneficiary on his American Motors group policy with Connecticut General from Rose Harris to Lana Merkel. On February 16, 1977 Mr. Harris died of natural causes.

Subsequent to his death, both Mrs. Harris and Lana Merkel filed competing claims for the proceeds of both life insurance policies. When faced with these competing claims, Connecticut General filed an interpleader suit, tendered the insurance proceeds to the court and asked the court to determine the proper beneficiary.

After the action was commenced, Lana Merkel filed an answer and cross-complaint claiming that she was entitled to the proceeds as the named beneficiary. Rose Harris filed an answer and cross-complaint claiming that she was equitably entitled to the insurance proceeds and

asked that a constructive trust be declared and the proceeds given to her.

A trial to the court was held on May 24, 1978, and on June 23, 1978 the trial court issued its decision in favor of Rose Harris. The trial court found that Rose Harris was equitably entitled to the insurance proceeds and that Lana Merkel would be unjustly enriched if she received the benefits of the insurance policies. Judgment was rendered in favor of Rose Harris on July 10, 1978. Lana Merkel is appealing from this judgment.

The sole issue on appeal is whether the trial court erred in imposing a constructive trust on the insurance proceeds for the benefit of the deceased's wife, Rose Harris.

A constructive trust is an equitable remedy and may be imposed to prevent unjust enrichment arising when one party receives a benefit the retention of which would be unjust as against the other. *Prince v. Bryant,* Nos. 76–393 and 76–394 (Wis. S. Ct. Feb. 27, 1979) ; *Richards v. Richards,* 58 Wis.2d 290, 296, 206 N.W.2d 134, 137 (1973) ; *Estate of Massouras,* 16 Wis.2d 304, 312–13, 114 N.W.2d 449, 453 (1962). "Where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it, a constructive trust arises." Rule of Restatement of Restitution, sec. 160 (1937) cited with approval in *Prince v. Bryant, supra,* slip op. at 3 ; *Gorski v. Gorski,* 82 Wis.2d 248, 254, 262 N.W.2d 120, 123 (1978) ; *Meyer v. Ludwig,* 65 Wis.2d 280, 285, 222 N.W.2d 679, 682 (1974). Unjust enrichment, however, is not sufficient in itself to justify the imposition of a constructive trust. There must be a showing of additional factors warranting the constructive trust. *Gorski v. Gorski, supra.* Such additional factors include actual or constructive fraud, duress, abuse of confidential relationship, mistake, commission of a wrong or any

form of unconscionable conduct. *Prince v. Bryant, supra,* slip op. at 4; *Gorski v. Gorski,* 82 Wis.2d at 255, 262 N.W.2d at 123; *Meyer v. Ludwig,* 65 Wis.2d at 286, 222 N.W.2d at 682. While generally the unconscionable conduct must be that of the person against whom the constructive trust is to be imposed, *Gorski v. Gorski, supra; Estate of Schmalz,* 58 Wis.2d 220, 228, 206 N.W.2d 141, 145 (1973), this last rule has not been strictly applied. Constructive trusts have been imposed in cases where the person against whom the constructive trust was imposed was an innocent beneficiary and had engaged in no wrongdoing. *See Meyer v. Ludwig, supra; Richards v. Richards, supra; Estate of Boyd,* 18 Wis.2d 379, 118 N.W.2d 705 (1963); *Lee v. Preiss,* 18 Wis.2d 109, 118 N.W.2d 104 (1962); and *Truelsch v. Miller,* 186 Wis. 239, 202 N.W. 352 (1925). However, in all these cases there was a finding of improper or wrongful conduct on the part of someone.

In *Richards v. Richards, supra,* the deceased had named his second wife as beneficiary in violation of an express provision in a divorce judgment ordering him to maintain his children as the beneficiaries. The court held that the decedent's violation of the divorce decree was sufficient wrongdoing to justify a constructive trust.

In *Lee v. Preiss, supra,* the decedent had promised his first wife that he would keep the life insurance policy in force for his daughters in exchange for her promise not to compel payment of child support arrearages. The supreme court held that the breach of this promise plus the fact that the named beneficiary knew of the promises was sufficient wrongdoing to justify a constructive trust.

In *Estate of Boyd, supra,* the decedent had named his estate as beneficiary contrary to a provision in a divorce decree requiring the decedent to keep his ex-wife as beneficiary. The violation of the provision in the divorce

decree was held sufficient wrongdoing to justify a constructive trust.

In *Truelsch v. Miller, supra,* the court imposed a constructive trust on life insurance proceeds in favor of the corporation from which the decedent had embezzled funds which were used, in part, to pay the premiums.

In *Meyer v. Ludwig, supra,* the deceased had promised to leave a farm to her daughter in exchange for certain labor and services. The labor and services were performed, but the mother left the farm to her husband instead. The court imposed a constructive trust.

Lastly, in *Prince v. Bryant, supra,* the Wisconsin Supreme Court reversed and remanded a summary judgment which imposed a constructive trust on life insurance proceeds in favor of the decedent's ex-wife. The court held that further proceedings were necessary to determine whether the decedent had wrongfully or mistakenly changed the beneficiary of his life insurance policy from his ex-wife to his sister while a temporary order of a family court commissioner was in effect and had enjoined or restrained the parties from disposing of their property during the divorce proceeding.

However, the Wisconsin Supreme Court has refused to impose a constructive trust where the person receiving title was a bona fide purchaser, *McIntyre v. Cox,* 68 Wis. 2d 597, 229 N.W.2d 613 (1975), or where there was no wrongful conduct on the part of either the decedent or the beneficiary, *Estate of Schmalz, supra.*

Thus, the question in this case is whether either the decedent or the beneficiary engaged in sufficient wrongdoing to justify a constructive trust.

There was no allegation nor was there any proof at trial that Lana Merkel, the named beneficiary, engaged in any wrongful conduct. Although innocent of any unconscionable conduct, she cannot be considered a bona

fide purchaser. She does not allege that she furnished any consideration in exchange for being named beneficiary. She has been gratuitously enriched. The issue is whether the enrichment is unjust. She can only be held to be unjustly enriched if Mr. Harris' change of beneficiary was sufficiently wrongful to justify imposition of a constructive trust. *Prince v. Bryant, supra,* slip op. at 6. We think it was not.

In this case there was no divorce decree requiring Mr. Harris to retain Rose Harris as named beneficiary. While three divorce proceedings had been started by Rose Harris, all three were voluntarily dismissed. During these three pending divorce proceedings, temporary orders were entered restraining the parties from disposing of or transferring their property. However, Mr. Harris did not change the beneficiary to Lana Merkel during the pendency of any of these actions. The change was made one month after the last divorce was dismissed. Thus, Mr. Harris did not violate any order or judgment of a court in changing the beneficiary.

Likewise, we cannot say that Mr. Harris' action amounted to a mistake. There was no allegation and no evidence to show that Mr. Harris mistakenly changed the beneficiary. There was also no evidence that Mr. Harris changed the beneficiary in the heat of the emotions as a result of the divorce proceeding. Had that been the case, he had plenty of time to change the beneficiary back to his wife. He did not die until eleven years after the change had been made. The only inference we can make from this record is that Mr. Harris made a conscious decision that he wished the proceeds from his life insurance policies to go to his daughter, Lana Merkel.

Rose Harris, however, claims that despite this deliberate decision on Mr. Harris' part, she is equitably entitled to the proceeds because she provided valuable consideration in exchange for an understood promise that when

Mr. Harris died she would receive the life insurance proceeds. The record shows that during the term of their marriage, the premiums for the life insurance proceeds were paid out of a joint checking account. During a period of approximately one year, Mr. Harris was unemployed and Rose Harris was employed. During this one-year period, Rose Harris' salary was used to pay all of their debts including support payments Mr. Harris owed as a result of a previous marriage. The record also shows that Mrs. Harris cared for her husband during his final years. While all of these services provided by Rose Harris were valuable to Mr. Harris, there is no proof that they were performed as consideration for a promise made by Mr. Harris that he would name her as the beneficiary on his life insurance policies. They were performed as part of the duties of a married couple. A letter, written by Mr. Harris during the last divorce proceeding, was introduced at trial where Mr. Harris promised to be good to his wife if she let him come home, but this cannot be construed as a promise to keep her as named beneficiary of his life insurance policies.

Thus, unless we construe a marriage to constitute a contract or promise by a spouse to name the other spouse as a beneficiary on all life insurance policies, there is no contract or promise which was breached by Mr. Harris when he changed the named beneficiary to his daughter. Without this contract or promise and breach, Rose Harris has no equitable claim to the insurance proceeds.[1]

We do not believe a marriage can be construed as a contract or promise by one spouse to name the other

---

[1] The unenforceability of a contract under the statute of frauds does not prevent the imposition of a constructive trust arising out of a breach of the contract or promise. *Gorski v. Gorski*, 82 Wis.2d at 258–59, 262 N.W.2d at 125; *Nehls v. Meyer*, 7 Wis.2d 37, 41, 95 N.W.2d 780, 782 (1959).

spouse as a beneficiary on a life insurance policy. To do so, we believe, would be against public policy and would create numerous practical problems.

A life insurance policy is in some sense very similar to a will. It is a means of dividing your estate and leaving it to loved ones. To construe a marriage as a contract by one spouse to leave a certain amount for the other spouse, restricts a person's ability to provide for other loved ones. Except for life insurance, many people do not have a sizeable estate to will to their loved ones. By statute, a spouse has a right to a portion of his or her spouse's estate whether the deceased dies intestate or with a will. If the deceased dies intestate, the spouse receives either the entire estate or a portion set by statute.* See sec. 852.01, Stats. If the deceased dies with a will, the spouse can either take the share designated in the will or elect against the will and take the statutory elective share. See secs. 861.03 and 861.05, Stats. One way or another, a spouse is protected and cannot be totally disinherited. Children and other loved ones, however, are not statutorily protected. Life insurance is one way a person can provide protection for these loved ones. To permit a marriage contract to form the basis for a claim to defeat the right of a person to provide for his other loved ones, we believe, would be against public policy.

Thus, we conclude that the mere fact that they were married for twenty-two years cannot be construed as an agreement or a contract by Mr. Harris to name Rose Harris as a beneficiary of his life insurance proceeds. While a marriage may raise hopes and expectations of being named as a beneficiary and receiving the proceeds, expectations do not raise to the level of a contract or promise.

Thus, Mr. Harris' failure to keep his wife as named beneficiary cannot be classified as wrongful or unconscionable conduct on his part sufficient to justify the imposition of a constructive trust. He was under no obligation, legal or otherwise, to name her as beneficiary. The trial court, therefore, erred in imposing a constructive trust on the insurance proceeds and awarding them to Rose Harris.

*By the Court.*—Judgment reversed and cause remanded with direction to enter judgment in favor of Lana Merkel.