ANN WALSH BRADLEY, J. (dissenting).
*818 ¶83 I agree in part with Chief Justice Roggensack's dissent. Specifically, I agree that a constructive trust is a remedy, but that this determination is not the question on which this case turns. See Chief Justice Roggensack's dissent, ¶68. I further agree that Steven may continue to pursue the remedy of a constructive trust.[1] However, I do not join Chief Justice Roggensack's dissent because, like the majority opinion, it appears to conflate the imposition of a constructive trust on Terry's property with a claim against Terry herself.[2]
*819 ¶84 Rather than focusing on any alleged conversion on Terry's part, I would follow the approach taken by the court of appeals. That is, because the surviving cause of action for intentional interference with expected inheritance "would establish both elements necessary for a constructive trust, these elements remain for further adjudication." Tikalsky v. Stevens, No. 2017AP170, unpublished slip op., ¶16, 382 Wis. 2d 830, 2018 WL 2422657 (Wis. Ct. App. May 30, 2018).[3]
¶85 A constructive trust is an equitable device that will be imposed in limited circumstances *533 only. Wilharms v. Wilharms, 93 Wis. 2d 671, 678-79, 287 N.W.2d 779 (1980). In order to impose a constructive trust, two elements must be fulfilled. First, "[t]he legal title must be held by someone who in equity and good conscience should not be entitled to beneficial enjoyment." Id., at 679, 287 N.W.2d 779. Second, "[t]itle must also have been obtained by means of actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or by any form of unconscionable conduct." Id. (citations omitted).
¶86 As the court of appeals determined, "[w]ith respect to the first element of a constructive trust, Steven's allegations and supporting evidence raise material facts tending to show that his siblings hold title to property that equity dictates should go to him." Tikalsky, No. 2017AP170, unpublished slip op., ¶14. "If proven, this claim would establish that all three *820 siblings (including Terry) were unjustly enriched by an inheritance that would have gone-at least in part-to Steven." Id. I agree.
¶87 Likewise, sufficient allegations are stated with respect to the second element of a constructive trust. The court of appeals explained:
As to the second element, Steven's claim for intentional interference is sufficient to potentially establish that title to the inheritance was "obtained by means of actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or by any form of unconscionable conduct." As the circuit court noted, part of Steven's claim for intentional interference was that Susan and James made false statements and "innuendos" to Donald and Betty in an attempt to get the parents to disinherit Steven.
Id., ¶15. Similarly, I agree.
¶88 The fact that Terry is not alleged to have committed any misconduct is irrelevant: "It is not necessary that the person against whom the constructive trust is to be imposed be a wrongdoer or know of the wrongdoing initially. If the other elements for imposing a constructive trust have been satisfied, and the holder of the legal title is not a bona fide purchaser, a constructive trust may be imposed." Wilharms, 93 Wis. 2d at 679, 287 N.W.2d 779. Thus, a constructive trust may be imposed on Terry's property even if there remain no active claims against her personally.
¶89 Accordingly, I agree with the court of appeals that "[b]ecause Steven's claim for intentional interference would establish both elements necessary for a constructive trust, these elements remain for further adjudication." Tikalsky, No. 2017AP170, unpublished slip op., ¶16. It correctly observed that *821 Steven may continue to seek a constructive trust against Terry's property if he is able to establish two elements: (1) "that she holds property that 'in equity and good conscience [she] should not be entitled to,' " and (2) "title to that property was 'obtained by means of actual or constructive fraud, duress, abuse of a confidential relationship, mistake, commission of a wrong, or by any form of unconscionable conduct.' " Id. (citing Wilharms, 93 Wis. 2d at 678-79, 287 N.W.2d 779 ).
¶90 For the reasons stated above, I respectfully dissent.
¶91 I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this dissent.

Under Wisconsin law, a plaintiff claiming conversion must show that (1) the defendant intentionally controlled or took property belonging to the owner; (2) the defendant controlled or took the property without the owner's consent or without lawful authority; and (3) the defendant controlling or taking the property seriously interfered with the owner's right to possess the property. Wis. JI-Civil 2200 (2014).

The remaining claims against the other siblings, however, are not affected by this determination. Those other siblings have not made any allegations against Stevens so to otherwise make her a proper party to this litigation.

I recognize that this court has imposed a constructive trust on innocent beneficiaries who engaged in no wrongdoing, but those cases have been limited to situations where a plaintiff has established a right to the innocent party's property due to an existing court order, contract, or a confidential relationship. See Sulzer v. Diedrich, 2003 WI 90, ¶¶26-30, 263 Wis. 2d 496, 664 N.W.2d 641 (imposing constructive trust where retirement benefits were not properly divided pursuant to divorce judgment due to mutual mistake); Wilharms v. Wilharms, 93 Wis. 2d 671, 679-81, 287 N.W.2d 779 (1980) (holding that constructive trust may be imposed where divorced husband changed life insurance beneficiary designation to dispose of his ex-wife's interest in violation of a temporary court order, but remanding for further factual determination); Prince v. Bryant, 87 Wis. 2d 662, 672-75, 275 N.W.2d 676 (1979) (stating that a constructive trust may be imposed where a divorced husband removed his ex-wife as a named beneficiary of his life insurance policies in violation of temporary court order, but remanding for further findings of fact on the issue); Richards v. Richards, 58 Wis. 2d 290, 296-99, 206 N.W.2d 134 (1973) (imposing constructive trust where divorced husband changed beneficiary of life insurance policy to the defendant in violation of divorce judgment); Bautista v. Schneider, 16 Wis. 2d 304, 312-14, 114 N.W.2d 449 (1962) (imposing constructive trust to require divorced wife to return proceeds from bonds to her ex-husband's estate in conformity with their divorce judgment). However, where no judgment, contract, or confidential relationship has been violated, this court has also declined to impose a constructive trust where the defendant engaged in no "fraud, duress, abuse of confidence, mistake, commission of a wrong or 'any form of unconscionable conduct[,]' " and where the plaintiff established no right to the defendant's property. Schmalz v. McKenna, 58 Wis. 2d 220, 231, 206 N.W.2d 141 (1973) (declining to impose constructive trust where decedent added $ 10,000 bequest to defendant pursuant to a contract but defendant breached contract prior to decedent's death, because the will did not reference or depend on the contract and defendant engaged in no wrongdoing); see also Connecticut General Life Ins. Co. v. Merkel, 90 Wis. 2d 126, 132-34, 279 N.W.2d 715 (Ct. App. 1979) (declining to impose constructive trust where divorced husband removed his ex-wife as a named beneficiary of his life insurance policy because no judgment or contract was violated). A "confidential relationship" in the context of constructive trust cases involves more than the presence of a familial relationship alone, as there must be "other facts indicating a relation of confidence" for a constructive trust to be imposed. Gorski v. Gorski, 82 Wis. 2d 248, 256-58, 262 N.W.2d 120 (1978) (denying defendant's motion to dismiss and stating that a constructive trust may be imposed where the defendant retained funds his brother-roommate gave him over a period of 12 years in violation of an oral agreement, as the facts alleged indicated a close and "confidential relationship" between the parties); see also Meyer v. Ludwig, 65 Wis. 2d 280, 285-88, 222 N.W.2d 679 (1974) (imposing constructive trust to convey title to a house to defendant, where defendant made substantial improvements over a period of years on the house her parents promised to give her, and where the facts established a confidential relationship between the plaintiff and defendant, who were father and daughter and who lived on the same property for years and provided each other mutual support and assistance).

Punitive damages were available as a common law remedy. Since Wis. Stat. § 895.043(3) was created in 1995, Wisconsin courts have explained that punitive damages are a remedy, not a cause of action. See Fouts v. Breezy Point Condo. Ass'n, 2014 WI App 77, ¶23 n.2, 355 Wis. 2d 487, 851 N.W.2d 845 ("We observe that Fouts' complaint incorrectly frames his request for punitive damages as a separate cause of action."); Hansen v. Texas Roadhouse, Inc., 2013 WI App 2, ¶21, 345 Wis. 2d 669, 827 N.W.2d 99 ("Punitive damages are a remedy, not a cause of action."). Even prior to the creation of § 895.043, this court emphasized that punitive damages were a remedy and not a cause of action. In Brown v. Maxey, 124 Wis. 2d 426, 431, 369 N.W.2d 677 (1985), this court stated "that the availability of a punitive damage award is not dependent upon the classification of the underlying cause of action, but, rather, upon proof of the requisite 'outrageous' conduct" (footnote omitted). This court further "stress[ed] that punitive damages are in the nature of a remedy and should not be confused with the concept of a cause of action." Id.

The factual assertions that follow are either uncontested facts or shown as allegations from Steven's complaint.

The elements of unjust enrichment are: (1) a benefit conferred on the defendant by the plaintiff; (2) knowledge by the defendant of the benefit; and (3) acceptance and retention of the benefits by the defendant under circumstances making it inequitable to do so. Puttkammer v. Minth, 83 Wis. 2d 686, 688-89, 266 N.W.2d 361 (1978). The benefit that Terry retains was not conferred by Steven, but by her parents; therefore, dismissal of the claim for unjust enrichment was reasonable. See also Estate of Lade v. Ketter, 82 Wis. 2d 80, 85, 260 N.W.2d 665 (1978).

Complaint, ¶123.