## KALCKHOFF, Adm'x, vs. ZŒHRLAUT, imp.

ADMINISTRATOR. *Note for money of estate loaned by person afterwards appointed administrator. Rights of administrator.*
CONVERSION: PROMISSORY NOTE. *Maker of note may be sued for its conversion.*
PLEADING. *Complaint in conversion; averments as to possession.*

1, A promissory note given for money of an estate loaned by the administratrix thereof prior to issue to her of letters of administration, and payable to her order, will, at her election, after such issue, enure to the benefit of the estate; and an action for its conversion, brought by her as administratrix, is sufficient evidence of her election.
2. If one in possession (lawfully or wrongfully) of a note belonging to another, whether *made by himself* or a stranger, converts it wrongfully, the owner may sue *ex contractu*, upon the note, proving it by parol in default of its production on his demand at the trial or assessment of damages, or may sue *ex delicto* for its conversion; and in the latter case, satisfaction of the judgment will operate as payment of the note if made by defendant, and if by a third person, vest in him the title.
3. A complaint which sufficiently avers the wrongful conversion in an action therefor, but fails to show definitely whether defendant's possession, at the time of such conversion, was lawful or fraudulent, is not bad on demurrer for that reason, though the court, on motion, might order it made more definite and certain.

APPEAL from the County Court of *Milwaukee* County.
Action for a conversion. The complaint sets forth the granting to plaintiff, on the 19th of January, 1871, of letters of administration upon the estate of her deceased husband; and alleges that prior to that date certain moneys belonging to said estate came into her hands, which she loaned to defendants on the second day of January aforesaid, taking their joint and several promissory note for the amount, payable to her order; and that afterwards, while the whole amount secured by the note was yet due and unpaid, defendants, " colluding and conspiring together for the purpose of defrauding said plaintiff and the estate by her represented, by certain false pretenses and machinations, obtained from said plaintiff,

then the lawful owner and holder of said note, possession thereof, and wrongfully converted the same to their own use."

Defendants demurred to the complaint, as not stating facts sufficient to constitute a cause of action; and appealed from an order overruling their demurrer.

The cause was submitted for the appellants on a brief signed by *Nathan Pereles & Son* as their attorneys, and by *E. P. Smith*, of counsel:

1. The loan of money, before issue of letters of administration, was an illegal interference with the property of the estate, and constituted plaintiff, as well as defendants, executor *de son tort.* 2 Black. Com., 508; Dyer, 166. The act being illegal, the note founded upon it is void. *Mountford v. Gibson*, 4 East, 440; *Leach v. Prebster*, 35 Ind., 417; Tay. Stats., 1218, § 10, and 1222, §§ 10, 11, 12; 2 Black. Com., 444; Edwards on Bills, 336, 340; *Melchoir v. McCarty*, 31 Wis., 252; *Sharp v. Teese*, 4 Halst., 352; *Craig v. Missouri*, 4 Pet., 410; 12 Alb. L. J., 120. 2. An executor *de son tort*, while liable personally for his acts, has himself no right of action. *Francis v. Welch*, 11 Ired. Law, 216. 3. That the estate is now the owner of the note does not avoid this defense, because it does not appear that it became such before maturity (*McKnight v. Wheeler*, 6 Hill, 492; *Edwards v. Dick*, 4 B. & Ald., 212); but it does not appear, either, that the note is even now the property of the estate. *Merritt v. Seaman*, 2 Seld., 172; *Delafield v. Kinney*, 24 Wend., 345; *Ogdensburgh Bank v. Van Rensselaer*, 6 Hill, 240. 4. The title to the money has not yet passed from the estate, and the only action in its favor, resulting from the unlawful appropriation, is one against plaintiff as well as defendants. *Wilson v. Hudson*, 4 Harr. (Del.), 168; 2 Wheat. Selw., 790–1; *Doe v. Glenn*, 1 Ad. & Ell., 49; *Kinard v. Young*, 2 Rich. Eq., 252. 5. A recovery in this action would not bar another to recover the money *in specie;* and the latter is the proper action, as no defense to it could be interposed, founded on the

depreciated value of the note. *Clark v. Pinney*, 6 Cow., 297–9; Hilliard on Torts, 670; *Potter v. Merchants, etc.*, 28 N. Y., 641; *Walrod v. Ball*, 9 Barb., 271. 6. A note in the hands of the maker after maturity is valueless; its loss or destruction does not alter the contract of the parties; and an action will not lie against the maker for its conversion. *McKinley v. Am. Ex. Bank*, 7 Rob., 664; Edwards on Bills, 303; *Jones v. Fales*, 5 Mass., 101; *Mowry v. Wood*, 12 Wis., 421; *Todd v. Crookshanks*, 3 Johns., 432. 7. The allegations as to the conversion are too vague and uncertain. *Drum v. Holton*, 1 Pin., 456; *Supervisors v. Decker*, 30 Wis., 634; *Riley v. Riley*, 34 id., 372; *Luth. Ev. Church v. Gristgau*, id., 328. 8. The complaint should show how defendants obtained possession of the note. A mere allegation of taking does not imply an illegal taking. Van Santv. Pl., 214; *Conaughty v. Nichols*, 42 N. Y., 83.

For the respondent, a brief was filed by *Cotzhausen, Sylvester & Scheiber*, and there was oral argument by *Mr. Cotzhausen*. They argued that, although plaintiff's act in loaning the money was illegal and did not bind the estate, yet she could, on receiving her letters, ratify the contract and adopt the act, and this she had done (*Rattoon v. Overacker*, 8 Johns., 126; *Ellen Farrell's Est.*, 1 Tuck., 110; *Priest v. Watkins*, 2 Hill, 225); that a note would pass by mere delivery, and, as plaintiff sued in her official capacity, the general allegation that she was the lawful owner was sufficient to show title in the estate (*Beard v. Dedolph*, 29 Wis., 142); that the maker of a note could be sued for a conversion, as well as a stranger (*Kingman v. Pierce*, 17 Mass., 247; *Johnson v. Windle*, 3 Bing. N. C., 225; 2 Hilliard on Torts, 272); that it was unnecessary to set out the manner of the conversion, and, although that portion of the complaint might be vague and uncertain, which they contended was not the case, yet that was not ground of demurrer. 2 Saunders' Pl., 1138, 1140; *Decker v. Mathews*, 2 Kern., 313.

RYAN, C. J.   What may have been the personal rights or liabilities of the respondent for loaning the money of the testator, before she obtained her letters of administration, we need not consider.   The appellant and his codefendants received the testator's money from her, and gave her the note in question for it.   When the letters of administration issued, the note enured to the estate at the election of the administratrix.   This action sufficiently shows that she adopted the note as administratrix, as enuring to the estate in lieu of the testator's money, lent upon it.

The alleged conversion of the note did not impair the respondent's title to it.   She might have sued upon it, called for its production on trial or assessment of damages, and, in default of its production, have proved it by parol; recovering judgment upon it *ex contractu.*   But she has also a right of action against the appellant and his codefendants *ex delicto* for the conversion.   *Mowry v. Wood,* 12 Wis., 413.

The appellant contends that the maker of a promissory note cannot be guilty of the conversion of it.   But the cases which he cites fail to support the position.   And it appears to us quite plain, on principle, that the maker is as liable to an action of trover for the tortious conversion of his own note, as a stranger would be.   A recovery in trover against a stranger, and satisfaction of the judgment, would doubtless operate to vest in him title to the note.   So a recovery in trover against the maker for the amount of the note, and satisfaction of the judgment, would operate as payment of the note.

It is immaterial, upon the demurrer, what the rule of damages in this case should be; and we indicate no opinion upon it.   See *Mowry v. Wood, supra.*   We hold only that there is a right to recover some damages.

Doubtless the averment in the complaint of the possession of the note by the appellant and his codefendants, might have been more definite and satisfactory.   But we cannot hold it insufficient on demurrer.   The *gravamen* of the action is the

wrongful conversion, to which the possession is matter of inducement. The action does not rest upon the fraudulent nature of the possession, but upon the subsequent tortious conversion. The latter would support the action, though the previous possession were entirely innocent and lawful. And vagueness of the averment of possession cannot support the demurrer, though it might support a motion to make the complaint more definite and certain. *Morse v. Gilman*, 16 Wis., 504; *Ready v. Sommer*, 37 id., 265.

*By the Court.* — The order of the court below is affirmed.